# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO. 4:12CR00037-01-SWW |
| | * | |
| REGINALD LAMONT TAYBORN | * | |

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 84) is DENIED.

## I.   BACKGROUND

On March 15, 2013 Defendant pled guilty to attempted bank robbery.[1] In September 2013, he was sentenced to 151 months in prison.[2] Later, his sentence was reduced to 105 months.[3] According to Defendant, he was released from BOP custody on April 15, 2020 and is now detained at the Pulaski County Regional Detention Center.[4]

---

[1] Doc. Nos. 34, 35.

[2] Doc. Nos. 44, 45.

[3] Doc. No. 52.

[4] Doc. No. 84.

1

## II. DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment under certain conditions. Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[5]

Defendant provides no "extraordinary and compelling" reason to support his release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[1] Defendant contends that he is not a bad person, he recognizes that drugs and alcohol have been his problem for years, and he has a plan for his future employment and residence. These are not "extraordinary and compelling" reasons to release

---

[5] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[1] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13 cmt. n.1(C).

Defendant. To the extent that Defendant's request is based on COVID-19, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[2]

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors--specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 22, Defendant has had nineteen convictions, which include terroristic threatening, numerous thefts, drug-related crimes, bank robbery, two robberies, and two aggravated robberies. In fact, he committed the instant offense, attempted bank robbery, while on supervision for prior convictions for bank robbery and robbery.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate Release (Doc. No. 84) is DENIED.

IT IS SO ORDERED, this 7th day of July, 2020.

      /s/Susan Webber Wright
      UNITED STATES DISTRICT JUDGE

---

[2] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020)