IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**             **PLAINTIFF**

v.             **CASE NO. 4:12CR00037-001 SWW**

**REGINALD LAMONT TAYBORN**             **DEFENDANT**

**ORDER**

The above entitled cause came on for hearing August 26, 2021 on the government's superseding petition to revoke the supervised release previously granted this defendant in the United States District Court for the Eastern District of Arkansas. Based upon the admissions of defendant, the Court found that defendant has violated the conditions of supervised release without just cause.

IT IS THEREFORE ORDERED AND ADJUDGED that the government's superseding motion to revoke supervised release (Doc. #100) is *granted* and the supervised release previously granted this defendant is *revoked*.

IT IS FURTHER ORDERED that defendant shall serve a *term of TWENTY-FOUR (24) MONTHS imprisonment in the custody of the Bureau of Prisons*. The Court recommends that defendant be incarcerated in Butner, North Carolina, so that he might participate in mental health and substance abuse treatment during incarceration. The court also recommends that defendant participate in educational and vocational programs during his incarceration. The Court has no objection to his participating in the RDAP program.

There will be *ONE (1) YEAR of supervised release* following the term of incarceration. All general and standard conditions of supervised release previously imposed remain in full force and effect and shall include the following special conditions:

1. Defendant must participate in a substance abuse treatment program under the guidance and supervision of the probation office. The program may include testing, out-patient counseling, and residential treatment. The defendant must abstain from the use of alcohol during supervision. The defendant must pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

2. Defendant must participate in mental health treatment program under the guidance and supervision of the probation office. The defendant must pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

The defendant is remanded to the custody of the U. S. Marshal Service.

IT IS SO ORDERED this 27th day of August 2021.

Susan Webber Wright
UNITED STATES DISTRICT JUDGE