# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                                                                           **4:12-CR-00037-SWW**
                                      **4:22-CV-00121-SWW**

**REGINALD LAMONT TAYBORN**

## ORDER

Pending is Defendant's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 (Doc. No. 110) and Motion for New Sentencing (Doc. No. 111).

**I. BACKGROUND**

On August 26, 2021, Defendant's supervised release was revoked, and he was sentenced to 25 months in prison followed by 12 months of supervised release.[1] He did not appeal.

Defendant asserts a claim of ineffective assistance of counsel based on allegations that his lawyer did not tell him that he could be subject to an additional term of supervised release.[2]

**II. DISCUSSION**

To prevail on his ineffective assistance of counsel claim, Defendant must show both deficient performance and prejudice. So, he must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different."[3]

---

[1] Doc. Nos. 108, 109.

[2] Doc. No. 110.

[3] *Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

Defendant is unable to establish prejudice. Even if his lawyer did not tell him about the possibility of supervised release, the Court informed Defendant that he was subject to no more than three years of supervised release. Notably, Defendant's lawyer asked for no supervised release to follow incarceration, but the Court rejected that request. Additionally, at no point did Defendant object to the fact that supervised release was possible. In fact, after the sentence was imposed, Defendant told the court that he was "satisfied" with the sentence.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 (Doc. No. 110) and Motion for New Sentencing (Doc. No. 111) are DENIED.

IT IS SO ORDERED this 19th day of May, 2022.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE