**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** *
*
**V.** * **CASE NO. 4:12CR00037-SWW**
*
**REGINALD LAMONT TAYBORN** *

**ORDER**

Before the Court is the Defendant's *pro se* motion to discharge his appointed counsel, Robert M. Golden. *Doc. 138*. Mr. Golden has filed a response, stating his commitment to carry out his duties as appointed counsel. *Doc. 139*. For reasons that follow, the motion is denied.

The Court previously appointed Mr. Golden to represent Defendant in this case in connection with Defendant's motion for a reduced sentence (*Doc. 80*) and the Government's April 2021 motion to revoke supervised release. *Doc. 94*. Defendant subsequently filed a motion requesting a different attorney (*Doc. 98*), but he later withdrew that motion (*Doc. 104*), and Mr. Golden carried out his duty to provide Defendant professional assistance of counsel.

On April 12, 2023, the Government filed a motion for warrant and to revoke Defendant's supervised release (*Doc. 114*), and the Court again appointed Mr. Golden to represent Defendant. *Doc. 122*. Now before the Court is Defendant's motion to discharge Mr. Golden as his attorney. *Doc. 138*.

A criminal defendant represented by appointed counsel must show "justifiable dissatisfaction" to have counsel replaced. *Taylor v. Dickel*, 293 F.3d 427, 429–30 (8th Cir. 2002) (citations omitted). "Where a criminal defendant alleges facts sufficient to give rise to such justifiable dissatisfaction, the district court 'has an obligation to inquire thoroughly into the factual basis of the defendant's dissatisfaction.'" *Id.* (quoting *Hunter v. Delo,* 62 F.3d 271, 274 (8th Cir.1995)).

Here, Defendant generally alleges that Mr. Golden has failed to respond to his communications, but he alleges no specific facts to support justifiable dissatisfaction with Mr. Golden's representation. And contrary to Defendant's complaint regarding lack of communication, Mr. Golden reports that his has visited Defendant three times to discuss his case. In addition, Mr. Golden states that he is committed to carrying out his duty to represent Defendant.

IT IS THEREFORE ORDERED that Defendant's *pro se* motion to discharge appointed counsel (*Doc. 138*) is DENIED.

IT IS SO ORDERED this 29th day of September, 2023.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE